UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANTHONY BOONE, et al.,

                    Plaintiffs,                **ORDER**

     - v -

                                            CV-07-4358 (SLT)(VVP)

JOSEPH J. THANE, et al.,

                    Defendants.
-----------------------------------------------------------------x

       By letter dated May 9, 2008, the plaintiffs made a motion for sanctions based on the alleged failure of the defendants to provide discovery. Although the discovery issues that gave rise to the motion have long since been decided, the motion for sanctions remains open, primarily because the defendants' response to the motion, by letter dated May 15, 2008, accused the plaintiffs' counsel of unethical behavior in connection with a telephone conference held earlier in the case. At a conference on May 30, 2008, when the discovery issues were decided, the defendants' counsel continued to assert that the plaintiffs' counsel had acted improperly by purposely excluding her from the telephone conference. She accused counsel of failing to contact her when he initiated the conference call, and of keeping her on hold when she called his office while he participated in the conference call with the court. The plaintiffs' counsel vigorously disputed his adversary's assertions, and suggested that telephone records be produced by each of them to prove what had happened. The court adopted the suggestion and directed both counsel to furnish their telephone records in support of their respective positions.

       The plaintiffs' counsel timely provided his telephone records. They show that immediately prior to his telephone call to the court on the date of the telephone conference, he telephoned the offices of the defendants' counsel and was on the line for two minutes. This comports completely with his earlier assertion to the court that he had made such a call and, after being placed on hold for a period of time, was told that his adversary was "unavailable" to participate in the conference call. The defendants' counsel, by contrast, has never submitted her telephone records, offering as an excuse that her telephone company had sent her the wrong records and promising to forward the correct ones as soon as they arrived. Billig Letter, July 13,

2008 (Dkt. Entry 22), at page 2. She has not done so in the seven months since that communication. From this evidence, the court must conclude that defense counsel's accusations of improper conduct by her adversary are entirely unfounded, and that her assertions concerning her efforts to join the telephonic conference are untrue.

These conclusions do not, however, give rise to a basis for granting the outstanding motion for sanctions. The basis for the motion was the defendants' failure to respond to written discovery requests, and the failure to appear for a deposition noticed by the plaintiffs. As to the failure to respond to written discovery requests, the motion was premature because it was filed on May 9, 2008, only 30 days after the requests were served. Assuming the requests were served by mail (there is no assertion that they were served otherwise), the defendants would have had at least three additional days to respond. As to the failure to appear for a deposition, the deposition was scheduled for May 12, 2008, but the defendants' counsel had already advised that she was unavailable on that day because of an appearance at a hearing in state court in New Jersey. Since that advice had been given before the deposition, the plaintiffs incurred no expenses for which compensation is warranted. The motion for sanctions therefore must be denied.

The court has considered imposing sanctions pursuant to a provision of the United States Code which permits the court to make an award of attorneys' fees and other expenses incurred because of the conduct of an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. By making unfounded accusations against her adversary requiring him to devote time and resources to defending against them, the defendants' counsel is certainly guilty of unreasonable and vexatious conduct. The court has decided not to impose sanctions, however, in the hope that a warning will encourage the defendants' counsel to be more circumspect about making serious and unfounded accusations of this nature. The decision will certainly be different next time if the warning proves insufficient.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
      March 30, 2009