UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANTHONY BOONE and TONYA BOONE,

                    Plaintiffs,

        -against-

JOSEPH J. THANE and A.D. TRANSPORT
EXPRESS INC.,
                    Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

07-CV-4358 (SLT)(VVP)

**TOWNES, United States District Judge:**[*]

On August 23, 2007, Plaintiffs Anthony and Tonya Boone commenced this tort action in the Supreme Court of the State of New York, Kings County, seeking to recover for personal injuries they allegedly sustained on November 12, 2004, when their automobile collided with a truck owned by Defendant A.D. Transport Express Inc. ("A.D. Transport") and operated by Defendant Joseph J. Thane. On October 18, 2007 -- more than 30 days after Plaintiffs served copies of the summons and complaint on the New York Secretary of State but less than 30 days after Defendants Thane and A.D. Transport received certified mail containing copies of these documents -- Defendants removed this action to this Court based on diversity of citizenship. Plaintiffs now move to remand this action to State court, asserting that the removal was untimely. For the reasons set forth below, Plaintiffs' motion is denied.

### *BACKGROUND*

On November 12, 2004, Defendant Thane, a resident of Ohio, was driving a truck owned by Defendant A.D. Transport, a Michigan corporation, northbound on Interstate 295.

---

[*]The Court gratefully acknowledges the assistance of a student intern, Polina Pecherskaya of Cardozo School of Law, in the preparation of this Memorandum and Order.

Somewhere on the Throgs Neck Bridge, approximately one and one - half miles north of Willets Point Boulevard, Thane attempted to switch lanes, causing his truck to collide with an automobile occupied by Plaintiffs.  Plaintiffs allege that they suffered various severe personal injuries as a result of the collision.

On August 23, 2007, Plaintiffs commenced this personal injury action in the Supreme Court of the State of New York, Kings County, seeking damages in excess of $75,000. Declaration of Rose M. Day ("Day's"), Ex. E.  On September 4, 2007, Plaintiffs served Defendants with process by mailing a true copy of the summons and verified complaint, with a ten dollar fee, to the New York Secretary of State pursuant to New York Vehicle and Traffic Law ("VTL") § 253.  Day's Ex. D.  The Secretary of State acknowledged receipt of said summons and complaint on September 13, 2007.  Day's Ex. C.  Plaintiffs then mailed notice of service on the Secretary of State and true copies of the summons and complaint via certified mail to Thane's Ohio address, and to the Michigan headquarters of A.D. Transport Express Inc. Day's Ex. D.  Defendants Thane and A.D. Transport received the mailings on September 28 and 29, 2007, respectively.  Day's Ex. C.

On October 18, 2007, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1446(b), alleging that this Court has diversity jurisdiction over this matter.  Day's Ex. E.  On January 10, 2008, Plaintiffs requested permission to move to remand this case to State court, arguing that the Notice of Removal was untimely.  Plaintiffs were subsequently granted permission to file that motion, in which Plaintiffs argue that because VTL § 253 specifically provides that service upon the Secretary of State is deemed personal service upon nonresident drivers, the 30-day period for removal starts to run upon service on the Secretary of State.

2

Plaintiffs further argue that Defendants' Notice of Removal was filed more than 30 days after the Secretary of State was served and is, therefore, untimely.

In their response to Plaintiffs' motion, Defendants argue that the 30-day removal period did not commence until they received the summons and complaint in late September 2007. Defendants reason that because they petitioned for removal within 30 days of their receipt of the summons and complaint, their Notice of Removal was timely. Defendants also contend that Plaintiff's motion to remand itself was untimely because it was filed more than 30 days after the Notice of Removal was filed.

## *DISCUSSION*

Under 28 U.S.C. § 1446(b), a Notice of Removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ...." "[W]hen service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 624 (S.D.N.Y. 2004); *see also Grello v. J.C. Penny Corp.*, No. 03 Civ. 8245 (CSH), 2003 U.S. Dist. LEXIS 21145, at *4 (S.D.N.Y. Nov. 20, 2003); *Cygielman v. Cunard Line Ltd.*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995) (citing cases). The rationale behind this rule is that, "the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them." *Cygielman*, 890 F. Supp. at 307. Moreover, this rule is "prudent ... because [it is] consistent with the plain language of § 1446, " *Fernandez*, 332 F. Supp. 2d at 624, which states that "the notice of

removal of a civil action ... shall be filed within thirty days after the *receipt by the defendant ...
of a copy of the initial pleading ....*" 28 U.S.C. § 1446(b) (emphasis added).

District courts in this Circuit have regularly followed this rule in cases where service was effected pursuant to VTL § 253. For example, in *Fernandez*, 332 F. Supp. 2d 621, the plaintiff served one of the out-of-state defendants by mailing a copy of a summons and complaint to the New York Secretary of State. The plaintiff argued that the defendant was effectively served when service was made on the Secretary of State. The court rejected the plaintiff's argument, however, concluding that the defendant was served on the date he received the summons and complaint.

Similarly, in *Burress v. Ryder Truck Rental,* No. 96 Civ. 4051 (JSM), 1997 U.S. Dist. LEXIS 13 (S.D.N.Y. Jan. 6, 1997), the plaintiffs served out-of-state defendants by serving a summons and complaint on the New York Secretary of State. The plaintiffs then mailed copies of the summons and complaint to the defendants, who did not receive the mailings for thirty days or more after the Secretary of State was served. The *Burress* Court held that the defendants' removal petition -- filed within 30 days of the defendants' receipt of the mailings -- was timely because the 30-day removal period commenced with receipt of the pleadings by the defendants and not with receipt of the pleadings by the statutory agent.

In this case, Plaintiffs mailed a copy of the summons and complaint to the New York Secretary of State pursuant to VTL § 253 on September 4, 2007. The Secretary of State acknowledged receipt on September 13, 2007. However, Defendants did not actually receive the summons and complaint until late September 2007, about two weeks after the Secretary of State acknowledged receipt. Although Defendants did not file their Notice of Removal until October

18, 2007 -- more than 30 days after the Secretary of State received Plaintiffs' pleading -- Defendants petitioned for removal within 30 days of their receipt of the summons and complaint. Accordingly, Defendants' Notice of Removal was timely. *See Fernandez*, 332 F. Supp. at 624-25; *Burress*, 1997 U.S. Dist. LEXIS 13, at * 2.

Defendants are also correct in arguing that Plaintiffs' motion to remand is not timely. Under 28 U.S.C. § 1447(c), a motion to remand on grounds other than lack of subject matter jurisdiction must be brought within 30 days after the filing of the Notice of Removal.[1] If a motion to remand is not brought within that 30-day period, removal is waived. *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d. Cir. 1993); *see also Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 416 n. 1 (2d Cir. 2004). In this case, Plaintiffs first requested permission to move to remand on January 10, 2008 -- 84 days after the Notice of Removal was filed. Accordingly, Plaintiffs have waived their right to remand.

## *CONCLUSION*

For the foregoing reasons, Plaintiffs' motion to remand is denied.

SO ORDERED.

/s/
SANDRA L. TOWNES
United States District Court

Dated: March 31, 2009
      Brooklyn, New York

---

[1] Plaintiffs state that they are bringing their motion to remand pursuant to 28 U.S.C. § 1446(c)(4). Plaintiffs fail to note that § 1446(c)(4) is a provision for remand of criminal cases only. The proper provision for remand of civil actions is 28 U.S.C. § 1447(c).